PER CURIAM.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that his property was lost, misplaced, stolen or destroyed while he was imprisoned, and that the loss of his property was proximately caused by the negligence of employees of the State of Illinois.

In *Bargas v. State, 32 Ill.Ct.Cl.___,* this Court held that the State of Illinois does not owe a duty to inmates of its penal institutions to safeguard property which inmates keep in their cells. In the companion case of *Doubling v. State, 32 Ill.Ct.Cl.1,* we further held that only where the State takes actual physical possession of the property of an inmate, as during the course of his transfer between penal institutions, does a duty arise to use reasonable care in protecting the inmate's property.

The complaint in this action does not allege that Claimant's property was delivered to agents of the State, but rather that the property disappeared or was damaged in Claimant's cell. Under our reasoning in *Bargas v. State, supra,* and *Doubling v. State, supra,* the complaint herein fails to state a claim upon which relief can be granted.

It is therefore ordered that this cause be, and hereby is, dismissed.

(No. 77-CC-1537—

RICE (BENNEY) GIBSON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 28, 1977.*

# 244

PER CURIAM.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that his property was lost, misplaced, stolen or destroyed while he was imprisoned, and that the loss of his property was proximately caused by the negligence of employees of the State of Illinois.

In *Bargas v. State, 32 Ill.Ct.Cl.\_\_*, this Court held that the State of Illinois does not owe a duty to inmates of its penal institutions to safeguard property which inmates keep in their cells. In the companion case of *Doubling v. State, 32 Ill.Ct.Cl.1,* we further held that only where the State takes actual physical possession of the property of an inmate, as during the course of his transfer between penal institutions, does a duty arise to use reasonable care in protecting the inmate's property.

The complaint in this action does not allege that Claimant's property was delivered to agents of the State, but rather that the property disappeared or was damaged in Claimant's cell. Under our reasoning in *Bargas v. State, supra,* and *Doubling v. State, supra,* the complaint herein fails to state a claim upon which relief can be granted.

It is therefore ordered that this cause be, and hereby is, dismissed.